18-379-pr
*Johnson v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
              DENNY CHIN,
              RICHARD J. SULLIVAN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GLENN JOHNSON,

       *Plaintiff-Appellant*,

           v.                                  18-379-pr

SARAN PERRY, Correction Officer,
PEDRO RODRIGUEZ, Correction Officer,
        *Defendants-Appellees*,

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, DIXON,
Correction Officer, MAYERS, Correction
Officer, Shield #6645, BOWERY, Captain,
        *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      The Clerk of the Court is directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT: Glenn Johnson, *pro se*, Malone, New York.

FOR DEFENDANTS-APPELLEES: Jeremy W. Shweder, Jonathan A. Popolow, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Glenn Johnson, appearing *pro se* on appeal, sued corrections officers under 42 U.S.C. § 1983 alleging excessive force. Johnson contended that on August 20, 2014, while in the custody of the New York City Department of Correction ("DOC") on Rikers Island, defendants-appellees Officers Saran Perry and Pedro Rodriguez used excessive force against him. After a two-day trial, at which Johnson was represented by counsel, the jury returned a verdict in favor of Officers Perry and Rodriguez (collectively, "Defendants").[1] Johnson appeals from the district court's denial of his motion for a new trial pursuant to Federal Rule of Civil Procedure 59. On appeal, Johnson argues that the district court erred in (1) ruling that the verdict was not against the weight of the evidence, (2) denying an adverse inference instruction

---

[1] Johnson's claims against all defendants other than Officers Perry and Rodriguez were dismissed before trial, and Johnson did not appeal the dismissal of those claims.

2

regarding the destruction of video surveillance, and (3) excluding evidence of officer Perry's disciplinary history. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A trial court may not grant a motion for a new trial unless "it is convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (alteration and internal quotation marks omitted). We generally review a district court's denial of a motion for a new trial for abuse of discretion. *See id*. "It is a deferential standard, which reflects district courts' significant . . . latitude to exercise their inherent discretionary authority." *Id*. We "will reverse a judgment only if the district court (1) based its decision on an error of law, (2) made a clearly erroneous factual finding, or (3) otherwise rendered a decision that cannot be located within the range of permissible decisions." *Id*. (internal quotation marks omitted).

## I. *Weight of the Evidence*

A motion for a new trial under Rule 59(a) on the ground that the jury's verdict is against the weight of the evidence must overcome the "high degree of deference . . . accorded to the jury's evaluation of witness credibility" and the admonition that "jury verdicts should be disturbed with great infrequency." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97-98 (2d Cir. 2014) (alterations

omitted) (quoting *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012)).[2]

The district court did not abuse its discretion by denying Johnson's motion for a new trial as against the weight of the evidence. As the district court observed, the jury was presented with competing narratives: Defendants maintained that their use of force was necessary given the escalating nature of the altercation, and Johnson asserted that Defendants' use of force was entirely unprovoked. The district court further noted that the jury heard sufficient evidence to find that no excessive force was used, and that it had ample reason to question Johnson's testimony given the conflicting versions of events. The jury was entitled to make credibility determinations in reaching its verdict, and the record contained more than adequate evidence to sustain its ultimate conclusion. Accordingly, in light of the evidence presented, the district court did not abuse its discretion in upholding the jury's verdict.

---

[2] Despite conflicting decisions in this Circuit regarding whether we can review the weight of the evidence supporting a jury verdict on a Rule 59 motion, we assume here that the district court's Rule 59 decision is reviewable. *See Hughes v. Town of Bethlehem*, 644 F. App'x 49, 50 n.1 (2d Cir. 2016) (summary order) (reviewing district court's denial of a Rule 59 motion for a new trial on the ground that the verdict was against the weight of the evidence for abuse of discretion, despite conflicting precedent). *But see Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000) (recognizing that "where a district court denies a motion for a new trial made on the ground that the verdict was against the weight of the evidence, such a ruling is not reviewable on appeal") (internal quotation marks omitted)). We need not resolve any discrepancy, however, in light of the disposition of this appeal.

4

**II.** *Denial of Adverse Inference Instruction*

Johnson challenges the district court's denial of an adverse inference instruction regarding the absence of certain surveillance videos. "We review a district court's decision on a motion for discovery sanctions for abuse of discretion." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). A party seeking an adverse inference instruction based on the alleged spoliation of evidence must establish (1) "that the party having control over the evidence had an obligation to preserve it at the time it was destroyed," (2) "that the records were destroyed with a culpable state of mind," and (3) "that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (internal quotation marks omitted). Because Johnson did not establish these elements, the district court did not abuse its discretion in denying the request for the instruction.

At trial, the DOC investigator testified that no footage captured any aspect of the physical altercation between the parties. Johnson merely showed that two video cameras existed in the long corridor where the incident occurred and that video footage, which showed Johnson walking though the metal detector the morning of the incident in question, had been purged after 90 days pursuant to DOC policy. Johnson's counsel thoroughly explored whether video footage of the incident existed, and the district court found there was "no evidence supporting [Johnson's] contention that relevant

5

evidence had been spoliated." Dkt. No. 146 at 7. Moreover, Johnson's counsel argued extensively to the jury during summation about the video footage, or lack thereof. Given these circumstances, and the lack of evidence suggesting that any evidence was destroyed with a culpable state of mind, the district court acted well within its discretion in declining to grant an adverse inference instruction.

**III.** *Exclusion of Disciplinary History*

We review a district court's evidentiary rulings for abuse of discretion and will not disturb such rulings unless they are manifestly erroneous. *See Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003). "Unless justice requires otherwise, no error in admitting or excluding evidence -- or any other error by the court or a party -- is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order." Fed. R. Civ. P. 61.

The district court properly exercised its discretion in excluding Officer Perry's disciplinary history where the unrelated use-of-force incident was found to be irrelevant and substantially more prejudicial than probative. A district court has wide latitude to admit or exclude evidence under Federal Rule of Evidence 404(b) and "its ruling will not be overturned on appeal absent abuse of discretion." *United States v. Langford*, 990 F.2d 65, 70 (2d Cir. 1993).

As the district court noted, the incident involving Officer Perry, which post-dated the altercation with Johnson, was completely dissimilar from the allegations

6

of force used against Johnson.   In addition, although there was disagreement as to how the pepper spray was administered in this case, Officer Perry did not deny having used force against Johnson.   Lastly, the district court rejected Johnson's use of this evidence to show Officer Perry's "wrongful intent to abuse her position," observing that excessive force is determined under an objective standard of reasonableness.   Dkt. No. 146 at 8. Officer Perry's state of mind was therefore irrelevant.   *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).   Thus, the district court did not abuse its discretion by ruling that the potential for unfair prejudice substantially outweighed the probative value of Officer Perry's disciplinary history.   *See* Fed. R. Evid. 403.

Accordingly, the district court did not abuse its discretion in denying Johnson's motion for a new trial.   We have considered all of Johnson's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7